This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NEW MEXICO STATE INVESTMENT COUNCIL,**

  Plaintiff-Appellee,

and

**STATE OF NEW MEXICO ex rel. FRANK FOY, SUZANNE FOY, and JOHN CASEY,**

  Plaintiffs-Intervenors-Appellants,

v.                                                    **NO.  34,570**

**GARY BLAND, et al.,**

  Defendants,

and

**ALFRED JACKSON,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

New Mexico State Investment Council
Bruce A. Brown, Special Assistant Attorney General
Santa Fe, NM

Day Pitney LLP
Kenneth W. Ritt, Special Assistant Attorney General
Stamford, CT

for Appellee

Victor R. Marshall & Associates, P.C.
Victor R. Marshall
Albuquerque, NM

for Intervenors-Appellants

Bracewell & Giuliani, LLP
Philip J. Bezanson
Floren J. Taylor
New York, NY

Brownstein Hyatt Farber Schreck, LLP
Eric R. Burris
Nury H. Yoo
Albuquerque, NM

for Defendant-Appellee

# **MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}      This is a companion case to three consolidated appeals decided on April 28, 2016, which, for ease of reference, we refer to as *NMSIC I*.[1] The background of

---

[1]*New Mexico State Investment Council, as Trustee, Administrator, and Custodian of the Land Grant Permanent Fund, and the Severance Tax Permanent Fund and State of New Mexico ex rel. Frank Foy, Suzanne Foy, and John Casey v.*

Appellants' qui tam suits,[2] NMSIC's litigation strategy, the procedural history underlying earlier settlements, and the basic law related to qui tam suits under the Fraud Against Taxpayers Act (FATA), NMSA 1978, §§ 44-9-1 to -14 (2007, as amended through 2015), will not be detailed here, as they are addressed in detail in the companion cases referred to above. In addition, the majority of Appellants' arguments on appeal in this case are identical to those asserted in the companion cases. For resolution of those issues, we refer to our earlier opinion. For purposes of the present matter, we will set out only the facts unique to the settlement with Defendant Jackson and address only issues not already resolved.

**BACKGROUND**

---

*Daniel Weinstein, Vicky L. Schiff, William Howell, and Marvin Rosen and Gary Bland, et al. (consolidated with) New Mexico State Investment Council, as Trustee, Administrator, and Custodian of the Land Grant Permanent Fund, and the Severance Tax Permanent Fund and State of New Mexico ex rel. Frank Foy, Suzanne Foy, and John Casey v. Saul Meyer and Renaissance Private Equity Partners, LP, d/b/a Aldus Equity Partners, LP, and Gary Bland, et al. (consolidated with) New Mexico State Investment Council, as Trustee, Administrator, and Custodian of the Land Grant Permanent Fund, and the Severance Tax Permanent Fund and State of New Mexico ex rel. Frank Foy, Suzanne Foy, and John Casey v. Elliot Broidy and Gary Bland, et al.*, 2016-NMCA-__, __ P.3d __ (Nos. 33,787, 34,042 & 34,077, Apr. 28, 2016) (*NMSIC I*). (The March 24, 2016, opinion was withdrawn on motion for rehearing)

[2]*State ex rel. Frank C. Foy v. Vanderbilt Capital Advisors, LLC*, No. D-101-CV-2008-1895 (*Vanderbilt*); *State ex rel Frank C. Foy v. Austin Capital Mgmt. Ltd.*, No. D-101-CV-2009-1189 (*Austin*).

3

**{2}** Seeking to recover for investments made under a "pay-to-play" scheme, NMSIC initiated the present suit in 2011 asserting breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, and unjust enrichment against seventeen defendants, including Defendant Alfred Jackson (Jackson). Because the present suit was deemed an "alternate remedy" under Section 44-9-6(H) of FATA, Appellants were permitted to intervene and held the same rights with respect to this action as they held in the qui tam actions in which they were the plaintiffs. *See* § 44-9-6(C); *NMSIC I*, 2016-NMCA-__, ¶ 14. Pursuant to its litigation strategy, NMSIC developed a Recovery Litigation Settlement Policy (Settlement Policy) and began settling with individual defendants. Appellants objected to many of the settlements. This history is discussed in greater detail in the companion opinion. *NMSIC I*, 2016-NMCA-__, ¶¶ 7-16.

**{3}** Consistent with the Settlement Policy, NMSIC entered into a settlement agreement with Jackson in November 2014. The settlement required Jackson to pay $250,000, cooperate fully in NMSIC's investigation into pay-to-play schemes, and testify upon request. The settlement releases Jackson from any claim "arising out of or relating to the investments by NMSIC," including Appellants' FATA claims.

**{4}** Meanwhile, the district court issued a Settlement Process Order defining the

procedures for briefing and other issues related to Appellants' objections to the settlements. Appellants were required to file "a memorandum that sets forth the basis for their position that the proposed settlements . . . are not fair, adequate[,] and reasonable under all [of] the circumstances and identifies the evidence upon which they will rely at the hearing." The order noted that Appellants must overcome a presumption that the settlements are fair, adequate, and reasonable. It also set out factors under which the fairness and adequacy of the settlements would be assessed. *See id.* ¶ 20.

{5}     In November 2014, NMSIC moved the district court to approve the settlement and dismiss Jackson. NMSIC also filed an affidavit by Jackson detailing his involvement with NMSIC investments. Appellants objected to the settlement, raising many of the arguments they raise on appeal. They also argued that NMSIC had failed to provide any admissible evidence in support of the settlement. NMSIC replied and submitted additional affidavits and documents in support of the settlement. After a hearing, the district court granted the motion and dismissed Jackson. In its findings of fact, the district court found that although Appellants "were provided [the] opportunity to both cross-examine Jackson and identify evidence in opposition to the [m]otion," they did not do so. The district court further found that the evidence

submitted by NMSIC "was sufficient and material to the evaluation of the reasonableness of the settlement" and that the settlement was "fair, adequate[,] and reasonable under the circumstances." Appellants appealed.

**DISCUSSION**

{6}     On appeal, Appellants make the same arguments as in the previous consolidated appeals of settlements. Nothing about the facts related to settlement with Jackson alters our analysis of those contentions. Hence, our discussion in *NMSIC I* is dispositive of those issues.[3]

{7}     The sole unique argument related to the present appeal hinges on our Supreme Court's opinion in *State ex rel. Foy v. Austin Capital Mgmt., Ltd.* (*Austin II*), 2015-NMSC-025, 355 P.3d 1, in which the Court concluded that the treble damages available under FATA "are predominantly compensatory [and] do not violate the ex post facto clause[s] and may be awarded for conduct occurring prior to the effective date of FATA." *Id.* ¶ 44. Pursuant to its power of superintending control, the Supreme Court also consolidated Appellants' two qui tam suits, *Vanderbilt* and *Austin*, and stated that it would appoint a pro-tem judge to oversee the consolidated action. *Austin*

---

[3]Appellants argue before this Court that Day Pitney "has disqualifying conflicts of interest." We decline to address this issue because it was never considered in the first instance by the district court. Accordingly, Appellants' motions to supplement the record on appeal related to this argument are denied.

*II*, 2015-NMSC-025, ¶ 23. It specifically stated that the pro-tem judge may, in his or her discretion, consolidate additional cases identified by Appellants. *Id.* The Supreme Court's decision was filed on June 25, 2015, approximately two months before Appellants' brief in chief was filed in the present matter but after Appellants appealed the Jackson settlement.

{8}    Appellants argue that the Supreme Court's decision "assigns the ultimate discretion over [Appellants' qui tam actions] and this case to the judge pro[-]tem, not [the district court that approved the Jackson settlement]." Consequently, they argue, the district court's approval of the Jackson settlement "usurps the discretion which the Supreme Court vested in the judge pro[-]tem, who has been given the authority to consolidate and vacate any prior decisions in this case." At minimum, Appellants dramatically overstate the Supreme Court's order. There is no evidence in the record that the appointed judge pro-tem has determined that the present matter should be consolidated with *Vanderbilt* and *Austin*. More importantly, even if this case was consolidated with *Vanderbilt* and *Austin*, nothing about the Supreme Court's order indicates that it intended the judge pro-tem to have the authority to vacate rulings already entered by another district court in a different case, especially when those rulings are pending appeal with this Court. To interpret the Supreme Court's mandate

7

as Appellants urge would be to undermine the finality of district court rulings and the appeals process. Moreover, it would work a substantial injustice on the defendants whose settlements have been approved by both the district court and this Court. This argument is without merit.

**CONCLUSION**

{9}    For the foregoing reasons, the district court's approval of the settlement with Jackson is affirmed.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**M. MONICA ZAMORA, Judge**